**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **FLOYD DELOACH,** | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE<br>: NO. 7:06-cv-106 (HL) |
| **SHERIFF ASHLEY PAULK, NURSE SHIRLEY LEWIS, Lt. ELKINS, and Jail Administrator DWIGHT PEETE,** | : |
| Defendants. | : |

**RECOMMENDATION**

A review of the electronic docket herein reveals that Defendants Paulk, Elkins, and Peete filed their answer to this § 1983 action brought by an inmate at the Lowndes County Jail on January 9, 2007 (R. at 10). Thus the ninety (90) day discovery period established in this court's order of October 30, 2006, (R. at 4) ended as to these defendants on or about April 8, 2007. Defendant Lewis answered on March 22, 2007, (R. at 15), ending the discovery period as to her on or about June 20, 2007. It appears that the last activity undertaken herein by Plaintiff occurred on April 2, 2007, when he filed his declination to consent to this matter being assigned to the undersigned United States Magistrate Judge (R. at 17). No discovery has been sought by Plaintiff during the discovery periods. In view of the above record of Plaintiff's failure to diligently prosecute this matter, he was ordered on November 29, 2007, to show cause by December 28, 2007, why his complaint should not be dismissed (R. at 18). On December 17, 2007, Defendants Paulk, Elkins and Peete filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for his failure to diligently prosecute this matter (R. at 19). Plaintiff has failed to respond either to the show cause order or the motion to dismiss. Additionally, he was advised of his duty to diligently prosecute this matter in the October 30, 2007, order of the court (R. at 4).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his election not to consent on April 2, 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. The plaintiff has had more than adequate time to pursue his claim against this defendant but he has failed to do so. Further, he has failed to respond to the order to show cause or the motion to dismiss. Based on the above, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's case be dismissed as to all defendants for his failure to prosecute same.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

SO RECOMMENDED, this 11th day of January 2008.

>  */s/ Richard L. Hodge*
> RICHARD L. HODGE

UNITED STATES MAGISTRATE JUDGE